**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALAN GARFINKEL, FRANCINE GARFINKEL,**

    **Plaintiffs,**

**-vs-**           **Case No. 6:09-cv-913-Orl-28DAB**

**ALLSTATE INSURANCE COMPANY,**

    **Defendant.**

_____

# ORDER

This cause is before the Court on the Motion to Dismiss Plaintiffs' Second Amended Complaint with Prejudice (Doc. 31) filed by Defendant, Allstate Insurance Company ("Allstate"). Plaintiffs, Alan Garfinkel and Francine Garfinkel d.b.a. Central Florida Development Maitland, have filed a Response (Doc. 33) in opposition thereto, and the matter is now ripe for adjudication.

## I. Analysis

Allstate now moves to dismiss the Plaintiffs' Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs have failed to state a claim upon which relief can be granted. (Doc. 31 at 5). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Plaintiffs' Second Amended Complaint contains sufficient factual matter, if accepted as true, to state a plausible claim for breach of contract.

Allstate requests that this Court dismiss the Second Amended Complaint with prejudice because Plaintiffs "have failed to set forth their claims in separate counts as required by Rule 10(b) and instead have impermissibly incorporated all the allegations in support of Count I into Count II." (Doc. 31 at 11-12). In response, Plaintiffs acknowledge that "there was a typographical error in Count II" incorporating the paragraphs contained in Count I and state that "if the Court allows[,] Plaintiffs will amend for this small change." (Doc. 33 at 6). The Court considers Plaintiffs' response as a motion to amend and grants said motion to the limited extent that it seeks amendment to correct the improper incorporation of the factual allegations of Count I into Count II.

## II. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Allstate's motion to dismiss (Doc. 31) is **DENIED**.

2. Plaintiffs' request to amend the Second Amended Complaint is **GRANTED**.

Plaintiffs shall file their Third Amended Complaint on or before October 26, 2009.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 20th day of October, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party